UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA T. BENVENUTTI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3615** |
| **JOHN B. HOLBERT ET AL** | **SECTION: "C"(5)** |

**ORDER AND REASONS**[1]

The plaintiff, Cynthia Benvenutti, filed suit in state court for damages caused by an automobile accident with John Holbert, who is one of the defendants. Rec. Doc. 1. The defendants removed based on diversity of parties. *Id.* This Court ordered the parties to submit memoranda regarding whether there was at least $75,000 in controversy on the date of removal. Rec. Doc. 7.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir.1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir.1993), *cert. denied*, 114 S.Ct. 685 (1994). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party

---

[1] Daniel Lai, a third year student at Tulane Law School, assisted in research and preparation of this decision.

invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing, McNutt v. General Motors Corp.,* 298 U.S. 178,182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F .2d 1039 (5th Cir.1982), *cert. denied*, 459 U.S. 1107 (1983).

The defendants argue that plaintiff's injuries of the cervical and lumbar spine "<u>could</u> justify an award of general damages of up to $50,000," citing *Tremblay*, where a plaintiff with similar injuries received over $40,000. Rec. Doc. 10 (emphasis added); *Tremblay v. Allstate Ins. Co.,* 955 So. 2d 700 (La. App. 4th Cir. 2007).  Defendants claim plaintiff's total wage loss is $25,686.92 and as of filing, plaintiff's medical expenses were $4,289.53 but will certainly increase if surgery will be required.  The amount the plaintiff might recover is speculative in this case, and the defendants point to nothing that would suggest otherwise.  It is not facially apparent that the claims likely are above $75,000, nor have defendants alleged facts of sufficient particularity to support the argument that the jurisdictional minimum has been met.

The defendants also argue that "plaintiff's counsel would not stipulate to damages less than $75,000." Rec. Doc. 10 .  Plaintiff's refusal to stipulate does not prove that the amount in controversy meets the jurisdictional minimum. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 E.D.La. 2008, at 2.  "A failure to stipulate is only one factor to consider in determining whether a removing party has met its burden, and does not on its own establish that this Court has jurisdiction." *Id.*  Consequently, the defendants have not proven by a preponderance of the evidence that the jurisdictional minimum exists nor have the defendants set forth facts which show that the jurisdictional minimum was met on the date of removal.  The court is also mindful

that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

Based on the record and the law, the Court finds that the defendant has not established the jurisdictional minimum and consequently has not established subject matter jurisdiction.

Accordingly, IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 30th day of September, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE